**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **REBECCA MILLS,** *et al.***,** | **CASE NO. 1:10CV1354** |
| Plaintiffs, | **JUDGE LESLEY WELLS** |
| v. | **MAGISTRATE JUDGE GREG WHITE** |
| **TEKNI-PLEX dba SWAN HOSE AND COLORITE PLASTICS COMPANY,** *et al.***,** | |
| Defendants. | **REPORT AND RECOMMENDATION** |

On July 27, 2011, this matter was referred pursuant to Local Rule 72.1 for pretrial supervision to include recommendations on any dispositive motions. (Doc. No. 41.) Pending before the Court is Defendants' Motion to Dismiss Plaintiff Smith's Second Amended Complaint. (Doc. No. 37.) Smith filed his opposition brief and Defendants replied. (Doc. Nos. 38, 39.) Smith also filed a Motion to Supplement his opposition brief, to which Defendants replied. (Doc. Nos. 40, 42.) For the following reasons, the Court recommends that Defendants' Motion to Dismiss be denied.

**I. Procedural Background**

In the Second Amended Complaint, Plaintiffs, David Smith ("Smith") and Rebecca Mills ("Mills") bring an intentional tort claim against their employer, Defendants Tekni-Plex, Inc. and TPI Acquisitions Subsidiary, Inc., from injuries received within the scope of their employment with Defendants on February 12, 2009.[1]  With the Court's approval, the Ohio Bureau of

---

[1] The Second Amended Complaint does not indicate that Smith was an employee of Defendants, but the Answer in Paragraph 1 admits that he was an employee. (Doc. No. 35.)

Workers' Compensation ("BWC") intervened, filing a Complaint as a subrogee pursuant to Ohio Revised Code ("O.R.C.") §§ 4123.93 and 4123.931. The procedural background is more fully set forth in the Report & Recommendation adopted by the Court on May 24, 2011. (Doc. Nos. 27, 29.)

## II. Factual Background

Regarding Plaintiff Smith, the Second Amended Complaint states: "As the direct and proximate result of the Defendants' deliberate act of removing and disabling the safety guard on the feed pipe of the plastic extruder, Plaintiff David Smith suffered serious injury to his neck, shoulders and back while assisting Plaintiff Rebecca Mills to safety and rendering first aid" after "gas and molten plastic and other debris exploded out of the unguarded feed pipe." (Second Am. Compl. ¶¶ 9-11.) Smith alleges that he has "suffered and continues to suffer physical pain, mental distress, anxiety, loss of enjoyment of life, physical impairment, and inability to perform ordinary activities." *Id*. ¶ 12. Further Smith alleges that he has incurred and will incur further medical expenses, *id*. ¶ 13, and lost income. *Id* at ¶ 14. Lastly, Smith avers that Defendants removed the safety guard on the extruder with the specific intent to cause injury, *id*. ¶ 15, claiming it was done with malice or aggravated or egregious fraud. *Id*. at ¶ 16.

## III. Legal Standard

To determine whether a complaint states a claim upon which relief can be granted, the Court accepts the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In order "to survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'formulaic recitation of a cause of action's elements.' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (*quoting in part Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)). The measure of a Rule 12(b)(6) challenge—whether the Complaint raises a right to relief above the speculative level—"does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate*

*Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008) (*quoting in part Twombly*, 127 S.Ct. at 1965). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Gunasekera*, 551 F.3d at 466 (*quoting in part Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)) (*quoting Twombly*, 127 S.Ct. at 1964). Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, — U.S. —, 129 S.Ct. at 1950, 173 L.Ed.2d 868. "Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. —, 131 S.Ct. 1289, 179 L.Ed.2d 233, 236 (2011).

## IV. Analysis

Defendants contend that Smith's Second Amended Complaint is insufficiently pled as it does not contain the factual allegations necessary to demonstrate that Defendants acted with deliberate intent to injure. (Doc. No. 37 at 4.) Smith argues that pursuant to Ohio statute, Defendants' conduct created a rebuttable presumption of their intent to injure. (Doc. No. 38 at 4.) Further, Smith maintains that he has sufficiently pled a cause of action under Ohio's rescue doctrine. *Id.* at 4-6.

§ 2745.01 Requirements for employer liability

(A) In an action brought against an employer by an employee, or by the

> dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.
>
> (B) As used in this section, "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.
>
> (C) Deliberate removal by an employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance creates a rebuttable presumption that the removal or misrepresentation was committed with intent to injure another if an injury or an occupational disease or condition occurs as a direct result.
>
> (D) This section does not apply to claims arising during the course of employment involving discrimination, civil rights, retaliation, harassment in violation of Chapter 4112. of the Revised Code, intentional infliction of emotional distress not compensable under Chapters 4121. and 4123. of the Revised Code, contract, promissory estoppel, or defamation.

Ohio Revised Code ("O.R.C.") § 2745.01. The statute, amended in 2005, added the "rebuttable presumption" in Subsection (C). The Ohio Supreme Court has held the statute to be constitutional. *See Kaminski v. Metal & Wire Prods.*, 125 Ohio St.3d 250, 927 N.E.2d 1066 (2010); *Stetter v. R.J. Corman Derailment Servs., L.L.C.*, 125 Ohio St.3d 280, 927 N.E.2d 1092 (2010). A plaintiff, therefore, has two ways to make an employer's intentional tort claim: (1) under subsections (A) and (B), that the employer committed a tortious act with the intent to injure, or with the belief that the injury was substantially certain to occur, and (2) under subsection (C), by an employer deliberately removing an equipment safety guard, thereby creating a rebuttable presumption that the removal was committed with intent to injure.

Defendants argue that the Second Amended Complaint does not meet either subsection. They assert that Smith does not allege that the Defendants committed a tortious act with the deliberate intent to cause injury, nor does Smith allege that his injuries were caused by the deliberate removal of the safety guard. (Doc. No. 37 at 4-5.) Instead, they contend Smith alleges that his injuries were caused when he rescued Mills from the explosion. (Doc. No. 37 at 5.) Defendants maintain that Smith's injuries would have occurred regardless of the cause of Mills' injury. *Id*. They further contend that because Smith's injuries arose out of his employment and do not meet the elements of an intentional tort, he can bring a claim only with

the BWC. *Id.*

Smith argues that he has sufficiently set forth in the Second Amended Complaint that Defendants removed a safety guard on a plastics extruder and that his injury was the direct and proximate result of such act. (Doc. No. 38 at 4; Am. Comp. ¶ 11.) The Court agrees. Accepting the well-pled factual allegations of the Second Amended Complaint as true, and construing all reasonable inferences in Plaintiff's favor, Smith has sufficiently stated a statutory intentional tort claim against the Defendants as his employer.

Smith filed a Motion to Supplement raising further analysis as to the rescue doctrine's applicability to an employer's intentional tort. (Doc. No. 40.) Defendants opposed the supplemental motion arguing that the rescue doctrine does not apply to intentional tort cases.[2] (Doc. No. 42.) As the Court finds that Smith's Second Amended Complaint is sufficiently pled, the issue of the applicability of the rescue doctrine to the facts is more appropriately left for later dispositive motions.

## V. Conclusion

For these reasons, the Court hereby recommends that Defendants' Motion to Dismiss Plaintiff Smith be denied. (Doc. No. 37.)

                                                 s/ Greg White
                                              United States Magistrate Judge

Date:   September 8, 2011

---

[2]Defendants first raised the issue of the rescue doctrine in their motion to dismiss where they noted that the doctrine is applicable in negligence cases and "only becomes relevant if it is necessary to assess the rescuer's contributory negligence." *Davis v. Accor North America, Inc., et al.*, 2010 U.S. Dist. LEXIS 40057 (S.D. Ohio Apr. 23, 2010) (Doc. No. 37 at 4.) Perhaps, if applicable, the rescue doctrine may be raised again on summary judgment or at trial.